Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
__Middle__ District of __Florida__

__Jacksonville__ Division

PROVIDED TO HOLMES CI
NOV 09 2021
FOR MAILING

CHRISTOPHER J. HRANEK, E.H.
CONSOLIDATED — Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

v.

STATE OF FLORIDA
OFFICE OF THE STATE ATTORNEY, MELISSA NELSON,
BROOKE PADGETT, TERRENCE MARTIN;
DEPARTMENT OF CHILDREN AND FAMILIES (DCF),
REGINA ASHLEY-HICKSON, LATOYA WALKER-WARREN;
Jacksonville Sheriff's Office B.E. BARNES.
— Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 3:21-cv-1136-HLA-PDB
(to be filled in by the Clerk's Office)

✱ EXEMPT FROM PUBLIC DISCLOSURE PER FL.STAT. 119.071(2)(h)

E.H. = VICTIM OF 4th Cir Case NO: 16-2016-CJ-2298A

FILED 2021 NOV 12 PM 1:38

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis. ATTACHED.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | CHRISTOPHER J. HRANEK |
| All other names by which you have been known: | N/A |
| ID Number | J62113 |
| Current Institution | HOLMES CORRECTIONAL INSTITUTION |
| Address | 3142 THOMAS DRIVE |
| | BONIFAY    FL.    32425 |
| | City    State    Zip Code |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | MELISSA NELSON |
| Job or Title (if known) | STATE ATTORNEY |
| Shield Number | |
| Employer | STATE OF FLORIDA |
| Address | 311 W. MONROE ST. |
| | Jacksonville    FL.    32202 |
| | City    State    Zip Code |

☒ Individual capacity   ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | TERRENCE MARTIN |
| Job or Title (if known) | ASSISTANT STATE ATTORNEY |
| Shield Number | |
| Employer | STATE OF FLORIDA |
| Address | 311 W. MONROE ST. |
| | Jacksonville    FL.    32202 |
| | City    State    Zip Code |

☒ Individual capacity   ☒ Official capacity

Page 2 of 11

Defendant No. 3
Name: BROOKE PADGETT
Job or Title (if known): ASSISTANT STATE ATTORNEY
Shield Number:
Employer: STATE OF FLORIDA
Address: 311 W. MONROE ST.
Jacksonville, FL. 32202
City / State / Zip Code
☒ Individual capacity   ☒ Official capacity

Defendant No. 4
Name: REGINA ASHLEY HICKSON
Job or Title (if known): CHILD PROTECTIVE SERVICES INVESTIGATOR
Shield Number:
Employer: DEPARTMENT OF CHILDREN AND FAMILIES
Address: 5920 ARLINGTON EXPWY
Jacksonville, FL. 32211
City / State / Zip Code
☒ Individual capacity   ☒ Official capacity

Defendant No. 5
(SEE ATTACHED Page 3a)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1. 8TH and 14TH AMENDMENTS - Violated Due Process under the Exception of Deliberate Indifference to the Child's Safety and Well being;
2. 42 USC 1985
3. 18 USC 241, 242
4. FREEDOM OF INFORMATION ACT   1) STATE CREATED DANGER
5. STATE STAT. Violated - invoke Fed.   2) Special Relationship
   39.303, 39.306, 39.307,   Equal Protection Clause. (See Attached)

3(B)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16)

Defendant No. 5
Name: LATOYA WALKER-WARREN
Job or Title: Child Protective Services Supervisor
Shield Number:
Employer: Department of Children and Families
Address: 5920 Arlington Expy.
Jacksonville, FL. 32211
City / State / Zip Code

☒ Individual Capacity  ☒ Official Capacity

Defendant No. 6
Name: B.E. BARNES
Job or Title: Detective
Shield Number: # 63410
Employer: Jacksonville Sheriff's Office
Address: 501 E. Bay St.
Jacksonville, FL. 32202
City / State / Zip Code

☒ Individual Capacity  ☒ Official Capacity

Page 3a

## BASIS FOR JURISDICTION — II
### Additional details from Page 3 (B.)    Pg. 1 of 3

1. __8TH & 14TH Amendments__ — All Parties breached the responsible duties: "Causation and Duty" and the Causal Connection to the physical and psychological harm done to the Minor, where they exacerbated the danger having ① Special Relationship ② State Created Danger, Deliberately Indifferent to the Child's Safety and Well being. __ALL__ State actors have the authority to remove or eliminate the danger and did __NOT__. The Violations are as such, "Shocking the Conscience" that there is __No Immunity__, and Further "INVOKES CRIMINAL LIABILITY." The Violations are actionable at this time. E.H. Was left in clear imminent danger — Harms way, as well as endangering even the general Public.

2. __TITLE 42 USC 1985__ — There are clear factors of a cover up by 2 or more State Actors. Specifically, a very important Federal question arises. Both the State Attorneys office and DCF have failed to release reports where E.H. was the victim. Furthermore, in violation of both Petitioner and the injured victim's rights, the "State-Created Danger" has brought about the Following FEDERAL QUESTION;

    (DUE PROCESS — EQUAL PROTECTION)

    Q. Is it proper for the state to allege to a Jury the argument that a Parent was a Control freak, preyed upon, or was overly protective of a child under his/her protective care as a result of a 100% Emergency Custody order, stemming directly from a "State-Created Danger", where the Child was a Multiple Rape Victim? __Is there a Causal Connection between the State-Created danger and a Shift of blame where the State failed to take action?__

BASIS FOR JURISDICTION  II
Additional Details From Page 3 (B.)                Pg. 2 of 3

3. <u>TITLE 18 USC 241</u> - State Attorneys Office, A.S.A. Terrence Martin through the approval of Melissa Nelson, deprived the Victim the right to equal protection of the Constitutional Laws, Liberties and freedoms, Violating Fl. Stat. 39.402, 794.023 - placing E.H. and the public in increased danger, 39.201 (1)(d)

State and DCF - failure to protect was the Proximate Cause of Injury, deliberately Indifferent to a known and foreseeable danger. Once putting the Suspect on alert of action, and then revoking support resulted in retalitory harm and injury where the risk was obvious.

<u>Title 18 USC 242</u> - DCF workers and Terrence Martin are a different race than E.H. and Petitioner. Petitioner and Victim met with State Attorney Martin who is African American. <u>All</u> of the Assailants in this Case are African American, ie. Black. A.S.A Martin in person intimidated the Victim E.H., who was a 15 year old white female. ASA Martin stated that at trial the Suspect will "present well, wearing a suit" and be clean in appearance. He discourage E.H. who at first was willing to testify but then Changed her mind. ASA Martin also failed to reclassify the Suspect when Lattimore would not turn in the other assailants. A.S.A. Martin failed to use the video evidence found on Lattimores phone - asside from 1 photo, and Charged Lattimore, (African American Male assailant) one year of rehabilitation for 7 sexual assaults.

BASIS FOR JURISDICTION II
Additional Details From Page 3 (B.)                    Pg. 3 of 3

* There is a traceable Cause of action for Misconduct and a Cover-up of wrong doing that is the proximal Cause of harm and injury that is deliberately Indifferent to the Welfare and Safety of a minor, fully known to State actors, hence allowed for opportunity Making E.H. more Vulnerable endangering both Petitioner and Victim - E.H.

ASA Martin Closed and refused to issue on 8/9/16 a Warrant as a result of the second report that indicated the fact of Negligent injury 7/31/2016, JSO police report 2016-500441

4. FREEDOM OF INFORMATION ACT - STATE OF Florida and Department of Children and Families (DCF) have denied Petitioners F.O.I.A requests for records, filed 9/10/2019, #R1433-072519, and through great difficulty was provided some of the reports 7/14/20, by the Office of Regional Conflict resolution.

5. Florida Statute outlines the obligations and duties of citizen protections, specifically that of Minors. D.C.F. and Local authorities have an absolutely Mandatory responsibility under the law that when violated invokes Federal and Criminal penalties and consequences. B.E. Barnes and J.L. Devereaux of Jacksonville Sheriff's office, and D.C.F.'s - Ashley-Hickson and Latoya Walker-Warren, are bound to work in Cooperation under 39.306, 39.307, Invoking Title 18 USC 242, because 39.205(7) FL. Stat makes the failure to report a Crime. Since notified on 7/31/16, #2016-500441 (JSO) and on 4/8/16 & 8/14/16 to Planned Parenthood. Petitioner and E.H. were entitled to independant Investigations.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*\* SEE ATTACHED, "STATEMENT OF CASE FACTS" and SWORN STATEMENT/OATH.*

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows (check all that apply):

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☒ Other (explain) *Falsely accused - Falsely Prosecuted, Fighting my Innocence in Post-Conviction Proceedings.*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*JACKSONVILLE, FLORIDA 3/2016 TO Current*

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*N/A*

## STATEMENT OF CASE FACTS
CONTINUED FROM PAGE 4(D)

★ Petitioner Is The Parent having 100% Custody of E.H. 8/23/16 ★
White Female, 15 years old.

1. On 3/31/2016 at approximately 10:30 am, Elizabeth Hranek reported to her School resource officer that she and her friend, Madelyn Myers were sexually assaulted by Lucius Lattimore and an unknown friend of Lattimore. Lattimore forced the head of E.H. to perform oral sex on him and he ejaculated in her mouth. Then the unknown friend did the same thing while Lattimore was touching the vagina of M.M. over her jeans. Both suspects are 16 years old, Black Males, and Lattimore recently began attending the High School E.H. attends. Now, this occurred on St. Patricks day, (3/17/16), at the home of E.H. while the Custodial Mother was not at home. Only Lattimore was invited, and the second suspect is at large and unknown because Lattimore refused to identify him, yet the State failed to reclassify per 794.023(1) of Fl. Statute for a crime commited by more than one person, and presents a greater danger to the public - as you will see in the instant cases The details of this are found in JSO Report 2016-204831

2. On 4/8/16 E.H. received Counseling and S.T.D. treatment, at Planned Parenthood, Reporting "DCF Notified." Department of Children and Families were notified, yet reports closing the Case No.: 2016-097262 on 4/28/16

3. On 4/18/16, the JSO Detective B.E. Barnes who was assigned, Met E.H. and Performed a Controlled Call where Lattimore apologized, and latter was upset with E.H. and began to claim ownership of her SINCE nothing was done by DCF, JSO, or the State Attorneys Office. All the While, Lattimore Lived in the Community next to E.H., Stalked her on the bus and at the School and after School.

<u>STATMENT OF CASE FACTS</u>
CON'T PG. 2
from 4(D)

4. On 5/20/16, B.E. Barnes contacts the State Attorneys office and speaks with Brooke Padgett of the Special Assault Division where he admitts he has probable cause for 2 Leud batteries, yet he has not made an arrest. This is almost 2 months after the first reporting and E.H. is now being extorted and what appears to lean toward Sexual Trafficking. ASA Padgett recommended Detective Barnes present the case to the State Attorneys office and request an arrest warrant, yet Det. Barnes does not Submit until 6/9/16. On 8/12/16, ASA Martin declines Warrant, even after Lattimore's 2nd Report, 7/31/16.

5. E.H. Reports being coerced into a vehicle by Lattimore with the pretense of apologizing. E.H. Describes 3 Black Males in the vehicle with "Gold Chains" and "Gold Teeth", and numerous knives in the vehicle. E.H. was taken to a house Somewhere in the Jacksonville area, where they put her in a back room. Each Suspect, one of which is Lattimore, entered the room one at a time and had her perform oral and vaginal Sex. The Suspects Age range to approx. 25 years old, and are at Large due to refusal of Latimore to identify them, yet again the State did <u>NOT</u> reclassify the Crime. All of this is reported on <u>2016-500441</u> and 6 occasions and information of Leud Battery/Sexual activity, thus petitioner filed injunction himself, because all three entities left E.H. in a vulnerable Situation and Lattimore was still at her school Clerk No: 2016-DR-2622, Principal Richardson and Dean Tisdale were aware of this. No Arrest Made.

STATEMENT OF FACTS
Con't Page 3 from 4(D).

\* ON 8/4/16, E.H. was seen again at Planned Parenthood, S.T.D. Treatment given and Sexual Assault Reported to DCF.

6. By Approximately 8/15/16, Petitioner met with the school Board, and put into place some sort of Plan for protection and 8/19/16, an injunction was filed. By 8/23/16, Petitioner had no Sight of an arrest or DCF nor State assistance or intervention, and received 100% Emergency Court Custody, ordered as well to pick-up and drop off at school personally, to eliminate risk on the School bus. On 8/25/16, Lattimore was arrested at school for Video Voyerism of a female teacher, and his Phone recovered and located a video of a black male and White female having Sex, but Petitioner Nor E.H.-Victim were shown the Video, Case# 2016-91601304
   NOTE: Now, the Evidence is a Witness - Myers, and admission by Suspect and a Video - Yet E.H.'s Case is Closed, No Warrant issued. (Sup.2) See Police Report 2016-500441 Sup.1-3 (Page 2)

7. Detective B.E. Barnes #63410 and J.L. Devereaux #68915 of J.S.O had Probable Cause and failed to remove the Suspect from the streets. Petitioner and Victim met with B.E. Barnes at their residence a few times, as well as with ASA Martin at the State Attorneys office, provided everything they needed, Yet a dangerous delay over this case from 3/31/16 to 10/25/16, gives rise to numerous Civil Rights Violations by ALL three state entities thats Primary Purpose is to Work together and eliminate "Known Dangers".

8. Finally, through Persistence on the Petitioners Part, an arrest Warrant was issued on 10/25/16. Lattimore turned himself in on 10/28/16 and in January 9, 2017 Charged with 2x Lewd Batteries;

STATEMENT OF CASE FACTS
CON'T Page 4

8. CON'T ONLY - 1 year of Rehabilitation, and NO other Suspects were Pursued or Charged and are at Large, and Lattimore was not re-Classified, Per Fl. STATUTE 794.023 (1).

From 3-31-2016 to 7-31-2016, (E.H. who was 15 years old, and is now 21 years old) was Sexually assaulted, and after reported and Investigation revealed a Confession, having a witness at the first Crime, and locating a Video, yet NO Arrest was made and NO help or Protection - led Suspects to believe she was on her own. So, another way to put it, The STATE ACTORS "STIRRED UP A HORNET'S NEST, AND THEN SAT BACK AND WATCHED IT SWORM."

In Deshaney v. Winnebago County Department of Social Services, 489 US 189, 103 L Ed 249, 109 Sct 998, 109 sct 998, 103 LED 2d 249, 489 US 189 (1987) JUSTICES BLACKMAN AND MARSHALL, JJ stated well this point;

1. "The facts of the Case involve active intervention and such intervention triggered a fundamental duty to aid him once the State learned of the danger. 2. "The boy and his Mother deserve the opportunity to have the facts of the Case Considered under 1983."

That is the Case in this Matter as well. There is NO Immunity for STATE ACTORS under exception; 1. Special Relationships
2. STATE-CREATED DANGER.

OATH

I Christopher J. Hranek, hereby certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  x Christopher Hranek 11/8/21

C. What date and approximate time did the events giving rise to your claim(s) occur?

From 3/31/2016 to Current   *Petitioner was denied the
Evidence received            necessary files and police reports
Approx. 7/14/20              requested by Freedom of information
                             from the State and 4th Cir. Court,
                             denied mandamus, delayed filing suit.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(See Attached - "Statement of Case Facts")
                                    Attached
Evidence will Include Jacksonville Sheriff's office
• reports:  2016 - 204831
            2016 - 500441           Received
• Dept. of Children                  7/14/20
  and Family Report: 2016 - 097262
• Injunction            2016 - DR - 2622 (Filed by Petitioner).
  against Sexual Violence 8/19/16

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

E.H. • Loss of virginity, Vaginal and Throat Injury, PTSD & Anxiety.
     • Neck and back pain - Treatment needed further
     • Treatment for S.T.D.'s - 4/8/16 and 8/4/16, Counsel in Private.
     • Some Counseling and Psychiatric Treatment, further
       possibly - Lifelong Counseling needed.
     • Labial pain from assault - may require Surgery.
     • Severe Post Traumatic Stress Disorder and Anger Mgmt needed.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. • Victim Claim - E.H. $10 Million
• Family of Plaintiff, T.B.D.  • Petitioner - $60,000 + Attorney Fees.
• Over $20,000 Spent of Life Savings and Loss of Job $40,000.
  Career - unable to recover - Protecting E.H. from
  the "State Created Danger". Entitled to Attorney fees 42 usc 1988.
• Psychological Injury is Likely Lifelong, And The Impact
  to All Family, Sibblings, Grand Parents, Parents,... etc
  Continues to This Day - How Do You Put A Price On That?
• Unknown Assailants Uncharged - That Should Be Investigated.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No   N/A

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No   N/A

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☒ No    N/A

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☒ No    N/A

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

   N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes
   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) CHRISTOPHER J. HRANEK

    Defendant(s) Consolidated City of Jacksonville, Florida, Duval County Sheriff, mike williams - Jacksonville Sheriffs office, Fl. D.O.C., Dept. of Health

2. Court *(if federal court, name the district; if state court, name the county and State)*

    U.S. District Court, Middle District Jacksonville Division.

3. Docket or index number

    3:21-CV-00913-BJD-PDB

4. Name of Judge assigned to your case

    Judge DAVIS

5. Approximate date of filing lawsuit

    9/10/2021

6. Is the case still pending?

    ☒ Yes

    ☐ No

    If no, give the approximate date of disposition  UNDER APPEAL

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*  Dismissed and Appealed

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/29/2021

Signature of Plaintiff: *Christoph Hranek*
Printed Name of Plaintiff: CHRISTOPHER J. HRANEK
Prison Identification #: J62113
Prison Address: 3142 THOMAS DR.
Bonifay, FL. 32425
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City / State / Zip Code
Telephone Number: _____
E-mail Address: _____